UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| Angelique Walsh,<br>individually and on behalf of all others similarly situated,<br><br>                              Plaintiff(s),<br><br>    -v.-<br><br>The Offices of Redd, Hoffman & Bramlett, LLC,<br><br>                              Defendant(s). | **Civil Action No: 3:22-cv-268**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Angelique Walsh (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint, by and through her attorneys, against Defendant The Offices of Redd, Hoffman & Bramlett, LLC (hereinafter "Defendant Redd"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Brazoria.

8. Defendant Redd is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service, care of its registered agent, the Law Office of N Nora Nye LLC, 1660 South Albion Street, Suite 321, Denver, Colorado 80222.

9. Upon information and belief, Defendant Redd is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Texas;

    b. who were sent a letter from Defendant Redd attempting to collect a consumer debt;

    c. containing deceptive discounted offers;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The Sub Class consists of:

    a. all individuals with addresses in the State of Texas;

    b. who were sent a letter from Defendant Redd attempting to collect a consumer debt;

    c. that imposed unauthorized fees and did not provide any explanation for the unauthorized fees;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and/or 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue

    is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 USC §§ l692e and/or 1692f.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at

the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above with the same force and effect as if the same were set forth at length herein.

21. Some time prior to February 25, 2022, an obligation was allegedly incurred to Ace Cash Express ("Ace") by the Plaintiff.

22. The Ace obligation arose out of transactions in which the money, property, insurance, or services which are the subject of the transactions were primarily for personal, family, or household purposes.

23. The alleged Ace obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24. Ace is a "creditor" as defined by 15 U.S.C. §1692a(4).

25. Upon information and belief, Ace contracted with Defendant Redd to collect this debt.

26. Defendant Redd collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – February 25, 2022 Collection Letter*

27. On or about February 25, 2022, Defendant Redd sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Ace. **See Exhibit A**.

28. The upper right-hand corner of the Letter includes the following table:

| Account No.: | XXXX-6052 |
|---|---|
| Client: | Ace Cash Express |
| Claim No.: | XXXXXXXXX9861 |
| Amount: | $1,844.71 |
| Interest: | $371.17 |
| Settlement: | $986.35 |
| Other Fees: | $250.00 |
| Other Costs: | $0.00 |
| Payments: | $0.00 |
| Total Due: | $2,465.88 |

29. The Letter then states:

As of 2/25/2022, our office would like to extend to you the option of resolving this matter through a settlement of **$1,479.53**. This opportunity is offered as a courtesy to assist you in fulfilling your **contractual obligation** and initiating a mutually agreeable resolution of your **past due account balance**. This would conclude a **$986.35 savings.**

**This is a GREAT DEAL that will not be around much longer.**

30. At the bottom of the Letter is a payment stub to be returned with any payment issued. That payment stub notes a Balance of $2,465.88 and leaves a blank space for the consumer to fill in the total payment amount, including possibly the entire balance.

31. The Letter is deceptive in numerous ways, violating the FDCPA.

32. First, the Letter is deceptive in that it fails to clearly state an offer to Plaintiff. In the table that Defendant included within the Letter, Defendant Redd identified a "SETTLEMENT" of $986.35.

33. The plain meaning of the term "SETTLEMENT," particularly in the context of a debt collection letter, made it appear that Defendant Redd was offering a settlement in the amount of $986.35.

34. Adding to the confusion, Defendant Redd's table makes it appear that the $986.35 "SETTLEMENT" is a specific, otherwise unaccounted for component of the total amount due. By placing the value in a table that shows all of the charges that were included in the total amount due makes it appear that the $986.35 is included in the same.

35. However, immediately after indicating a "SETTLEMENT" of $986.35, Defendant Redd then made a separate offer of settlement in the amount of $1,479.53.

36. The Letter is deceptive in that it appears to make an offer of settlement in the amount of $986.35, but then immediately states that the offer is for a settlement in the amount of $1,479.53.

37. The Letter is further deceptive because it implies that in exchange for remitting payment of only a portion of the balance the consumer will achieve some form of settlement, when in actuality, it is unclear what form of settlement the letter is offering.

38. The Letter is silent as to what action either Defendant Redd or Ace will do following the receipt of any such funds and further does not clarify what will occur with the rest of the balance, including whether the rest of the balance would be subject to collection by another collection company in the future.

39. The Letter deceives and misleads the consumer by implying that paying the proposed amount, whatever it may actually be, would achieve results akin to a settlement offer, when in reality the Defendant's offer contains no significant benefits and is unclear to what the benefits of these payments would actually be.

40. Plaintiff was confused and misled by the offer, whether it was an actual settlement or not and as a result did not accept the offer.

41. Plaintiff was confused by the amount needed to be remitted in order to achieve a settlement.

42. Plaintiff incurred an injury as Defendant provided her with a deceptive settlement offer, causing Plaintiff emotional distress due to the fear and confusion and causing Plaintiff to expend time and resources retaining an attorney to defend her consumer rights.

43. Additionally, Defendant's offer is illogical. Why choose to pay the full balance when there is an offer to pay less than the full balance?

44. The only answer would be that paying in full would receive some form of added benefit.

45. Defendant's letter does not make any mention of any benefit or incentive to pay the full balance rather than the discounted amounts.

46. Therefore, the consumer is left confused and misled which option to choose; on the one hand the discounted amount saves him money but on the other hand, the full payment option must have some benefit or else it would not even be a consideration.

47. Yet Defendant's letter mentions no benefit whatsoever of paying the full balance, making the letter illogical and leaving the consumer wondering if there is a "catch" or if this is a real offer.

48. Defendant's letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

49. Plaintiff incurred an informational injury because the Defendant deceptively makes an offer without properly qualifying and explaining the offer.

50. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

51. The Letter is additionally deceptive and violates the FDCPA in that the $250.00 in unspecified "OTHER FEES" is exorbitant, unjustified, and moreover, Plaintiff did not agree to the same.

52. The addition of the $250.00 "other fees", particularly without an indication as to what the fees were associated with, was not authorized by the agreement creating the debt or permitted by law and thus constituted an attempt to collect an amount not owed by Plaintiff.

53. In addition to the unspecified fees being unauthorized, the Letter fails to advise Plaintiff as to the basis of these fees and whether the fee can increase further, causing the balance of the total debt to increase and thus causing adjustments if Plaintiff pays the amount shown on the Letter.

54. Defendant misled and deceived Plaintiff into the belief that she falsely owed additional fees that were not authorized by the agreement creating the debt nor permitted by law when this charge is a violation of the FDCPA.

55. Plaintiff incurred an injury as Defendant Redd provided her with false information as to the amount she actually owed on the alleged debt, and is attempting to overcharge her for an amount she does not owe.

56. These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

57. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect

to any action for the collection of any consumer debt.

58. Defendant's deceptive, misleading, and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this alleged debt.

59. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

60. But for Defendant's violation of the FDCPA, and the resulting confusion therefrom, Plaintiff would have chosen a different course of action in an attempt to resolve the alleged debt.

61. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

62. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above with the same force and effect as if the same were set forth at length herein.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

64. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. Defendant violated said section by:

   a. As the Letter which is open to more than one reasonable interpretation, at least one of which is accurate.

      b. Making a false and misleading representation in violation of but not limited to §1692e (10).

      c. As the letter fails to properly identify the fees that it alleges are associated with the debt, and attempts to collect an amount not legally owed.

66. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f
*et seq.*

67. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

68. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

69. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

70. Defendant violated this section by omitting material information that gave Plaintiff a false understanding of the offers in the Letter.

71. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

72. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Angelique Walsh, individually and on behalf of all others similarly situated, demands judgment from Defendant Redd as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, Yaakov Saks, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 26, 2022

Respectfully Submitted,

/s/Yaakov Saks
Yaakov Saks
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel. 201-282-6500 ext. 101
Fax 201-282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*

Pro Hac Vice Pending